ANNA B. MILNE, ADMINISTRATRIX OF THE ESTATE OF EDWARD A. MILNE, DECEASED, PLAINTIFF-APPELLANT, v. DAVID S. WASSERMAN, DEFENDANT-RESPONDENT.

Submitted October 3, 1944—Decided November 30, 1944.

Before Justices PARKER and COLIE.

For the appellant, *Harold Heller.*

For the respondent, *Samuel Ehrenkranz* (*Harry S. Neiwirth,* of counsel).

The opinion of the court was delivered by

COLIE, J. Edward A. Milne brought suit against David S. Wasserman on a state of demand alleging that the defendant let premises in Kearny. New Jersey, to him at a rental of $47.50 per month; that in accordance with the Emergency Price Control Act of 1942, *U. S. C. A. App.,* § 925 (e) the Price Administration fixed a maximum rent, effective July 1st, 1942, for the premises in question of $42.50 per month; that defendant, in violation of the statute and the regulation, demanded and received rent from May, 1942, through and including April, 1943, twelve months in all, at the sum of $47.50 per month, which was $5 per month in excess of the maximum legal rent. The damages demanded were $210, an amount not ascertainable on either alternative of the statute. An excess of $5 for twelve months amounts

to $60 which multiplied by three would be $180. Based on the other alternative, a penalty of $50 for each overcharge, the amount would be $600 and hence beyond the monetary jurisdiction of the District Court.

It appears by the state of the case certified by the trial court, that:

"At the trial the plaintiff only demanded $50 for each over-payment of rent for the months of February, March and April, 1943.

"The court asked the plaintiff if he wished to amend the complaint to demand damages for the overpayment of rent ·or otherwise; or for three times the excess paid. The plaintiff declined to amend the complaint and demanded $50 for each over-payment of rent.

"The proceedings were thereupon dismissed."

No reason was given for the dismissal of the proceedings, nor do we perceive any reason therefor unless the District Court Judge was under the impression that the court lacked jurisdiction because the suit was for a penalty under federal statute. But in *Beasley* v. *Gottlieb,* 131 *N. J. L.* 117, this court held that a suit such as the present was "of a civil nature, remedial of a private wrong and therefore not penal, a private suit for a private wrong; that the suit is within the limitations of the statutory jurisdiction of the District Courts." That decision is in point, and of course a binding precedent. It follows that the judgment of dismissal must be reversed and the cause remanded to the District Court to the end that the defendant may present such valid defense as he may have and if none be presented, that judgment be entered for the plaintiff in the sum of $150 with costs and such reasonable attorney's fee as the court may determine.